UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-131-KDB
3:20-cr-53-KDB-DCK-1

| NATHANIEL JEROME STEELE, | ) |
| --- | --- |
| Petitioner, | ) |
| vs. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's *pro se* 28 U.S.C. § 2255 Motion to Vacate, (Doc. No. 1).

In the underlying criminal case, Petitioner pleaded guilty to possession with intent to distribute cocaine, cocaine base, fentanyl, and methamphetamine (Counts One, Two, Three, and Four, respectively); and possession of a firearm and/or ammunition by a convicted felon (Count Six). (3:20-cr-53 ("CR") Doc. Nos. 18, 19) (Plea Agreement, Factual Basis). He was sentenced to 120 months' imprisonment in a Judgment entered on January 22, 2021. (CR Doc. No. 30). He did not appeal.

On February 11, 2022, an "Extension of Time to File Initial 2255 Motion" dated January 28, 2022 was docketed in the criminal case. (CR Doc. No. 32). The Motion was referred to a Magistrate Judge and was granted until April 1, 2022. (CR Doc. No. 33). A second undated Motion for an extension of time was docketed on March 10, 2022, and was post-marked March 4, 2022. (CR Doc. No. 34). The Court denied the Motion on March 14, 2022 for lack of jurisdiction. (CR Doc. No. 35). The Court further found that the Petitioner failed to adequately explain why he was

1

unable to file a § 2255 petition and, if he still seeks to file such a petition, he may explain why he believes the Court should apply equitable tolling. (CR Doc. No. 35).

The Petitioner filed the instant two-page handwritten Motion to Vacate on March 22, 2022. (Doc. No. 1). He argues that counsel was ineffective with regards to the guilty plea. He apologizes for the Motion to Vacate's untimely filing, stating that prison staff was "negligent" in assisting him to contact counsel, and by placing him in the Special Housing Unit. (Id. at 2).

The Motion to Vacate is insufficient to proceed in that it has not been submitted on, and does not substantially follow, the required form; does not clearly state the claims and facts supporting them; and is not verified in accordance with federal law. See Rule 2(c), 28 U.S.C. foll. § 2255 (requiring a § 2255 motion to "substantially follow" the required form); Rule 2(b), 28 U.S.C. foll. § 2255 (the motion must specify all the grounds for relief available to the moving party, state the facts supporting each ground, and be verified, etc.); 28 U.S.C. § 1746 (requiring verification as follows: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (signature)"). Further, it appears that Petitioner's § 2255 Motion to Vacate is subject to dismissal with prejudice as time-barred because it was filed more than one year after his conviction and sentence became final. See 28 U.S.C. § 2255(f); Holland v. Florida, 560 U.S 631, 649 (2010).

Petitioner shall have **thirty (30) days** in which to file a superseding Amended § 2255 Motion to Vacate on the appropriate form and in accordance with this Order and all applicable timeliness and procedural requirements. See generally Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001); 28 U.S.C. § 2255; Mayle v. Felix, 545 U.S. 644 (2005) (discussing relation back).

Failure to comply with this Order will likely result in the dismissal of this action without

further notice.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner shall, within **thirty (30) days** of the date of this Order, file an Amended § 2255 Motion to Vacate in accordance with this Order and within the time limit set by the Court. If Petitioner fails to do so, this action will be dismissed without further notice.

2. The Clerk is instructed to mail Petitioner a blank § 2255 form along with a copy of this Order.

Signed: May 24, 2022

Kenneth D. Bell
United States District Judge

3

Case 3:22-cv-00131-KDB   Document 2   Filed 05/25/22   Page 3 of 3